# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ANTHONY DALY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75670

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of reckless driving. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant John Daly was initially charged with two misdemeanors and one felony count of driving under the influence (DUI). The DUI was charged as a felony because the State alleged that Daly had a prior DUI conviction in California that would have been a felony in Nevada. In exchange for the State's agreement to dismiss a theft count in another case, Daly pleaded no contest in the justice court to misdemeanor DUI, receiving credit for time served, and pleaded guilty in the district court to reckless driving, receiving a sentence of 19-48 months' incarceration.

On appeal, Daly argues that the district court erred by failing to remand the case to the justice court, sua sponte, when he stated at sentencing that the California DUI conviction would not have been a felony

19-16061

in Nevada.[1] He specifically argues that the district court lacked jurisdiction over him under the circumstances presented. We disagree. The district court had jurisdiction because Daly was charged with a felony offense in the district court and pleaded guilty to that offense. Nev. Const. art. 6, § 6; NRS 4.370(3). Daly provides no cogent argument to support his contention that the district court committed error or lacked jurisdiction to sentence him under the circumstances. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Douglas Smith, District Judge
       Mueller Hinds & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[1]The State argues that Daly waived the right to an appeal from his judgment of conviction in his guilty plea agreement and therefore this court cannot entertain his appeal. We disagree because although the appeal-waiver provision precluded Daly from raising some claims, it could not waive a challenge to the district court's jurisdiction. *See Garza v. Idaho*, 586 U.S. ___, ___ (2019) ("[W]hile signing an appeal waiver means giving up some, many, or even most appellate claims, some claims nevertheless remain."). We also note that it does not appear that Daly litigated a presentence motion to withdraw his guilty plea. *See Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1280-81 (2015) (recognizing that a defendant may move to withdraw a guilty plea before sentencing and the district court may grant the motion if doing so would be fair and just).